May it please the court, my name is Eric Gilotti. I represent the appellant, Mr. Mark Dennison. This case is basically a very simple issue concerning whether or not Officer Dennison had a property right for continued employment in his job as a police officer for the City of Phoenix. Now is he asking in this suit only for damages or is he asking also for reinstatement? He is only asking for damages. Okay, so qualified immunity then applies across the entire gamut of the relief you're seeking? That's correct. Okay. The property interest is derived from the ORAS 236, 350, and 360. And that statute basically gives a full-time police officer the right to due process, notice, and the opportunity to be heard before any disciplinary action can be taken. The summary judgment. There was no disputed issue of fact that Officer Dennison worked 80 hours per month for 90 consecutive calendar days. That is undisputed. And under the state law, using 181, 610, subsection 14, and the associated Oregon administrative rule, which specifically defines a full-time police officer as one that works those hours. And, again, we have no disputed issue of fact there. So as a matter of law. We've got a disputed issue of law. And I confess I found myself totally bewildered why Oregon will have two different definitions of full-time work. And I am totally at a loss trying to figure out which of the two I'm supposed to apply. You want to apply one, they want to apply a different one. He's full-time under your statutory definition and not full-time under the other. Well, I think what the defendant's definition is, they're trying to use the ORS-236-350 definition for full-time police officer. But in that statute, in the disciplinary statute, there is actually no specific definition of what full-time means. In order to get to what full-time means, you have to actually go to the Oregon administrative rule in order to get that. And I cited the cases where when you have the general statutes and specific statutes, you apply all of them to have it make some sense. In this particular case, the only definition for full-time employment is found in that Oregon administrative rule that says 80 hours for 90 consecutive calendar days. So how long would he have been a full-time police officer under your approach? He would have been a full-time police officer. He began working, I believe, in April of 2003. And from April of 2003, those three months for 90 days where he worked those 90 consecutive or 80 consecutive hours, 80 hours per month, at that point, when that 90 days hits under the Oregon state law, under the Oregon administrative rule, he becomes vested in his continued employment as a full-time police officer. Now, how does that square with the personnel handbook, which gives the incoming or newly promoted police officers an eight-month probationary period? How does he get to align that? Actually, I believe it was an 18-month in the trial service employee. Yeah. I think it's important for the court to understand that at the summary judgment motions themselves, the issue as to whether he was a trial service employee in summary judgment motions was never even raised in the briefing for the summary judgment. What had actually occurred is that the magistrate court came out with his order, and there was a motion for reconsideration filed. During the time when the original order and the amended order came out, the motion for reconsideration, the district court, the magistrate court, had asked for copies of the full police manual and the full personnel policy manual. And I think it's really important for this court to understand that when the magistrate court in his order found that there was somehow this constructive notice that he was on probation through the city manual, this 18-month period of time that was cited there, that that manual that was cited was not even adopted until May 17th of 2003, five months after Officer Dennison had reviewed the police manual. So basically it's your position that notwithstanding whatever manuals are in effect or not in effect and so forth, and notwithstanding what he was told and notwithstanding any expectations he may have had, if he worked more than, you say, 80 hours over a 90-day period, 80 hours per month over a 90-day period, that he has a property right. That's it. That's it. It's as simple as that. And the police department, they can call them probationary, and they can call them and they can be terminated for any reason. But you say, no, they can't. Well, because they're employees and they have a property right for a hearing and so forth. That's correct. And I guess you have to go to the ORS 236-370 because there are exceptions there. And one of the exceptions is whether he's on probation. And the issue here is there was no disputed issue of that, that he was never notified. Well, is that the same thing? Is it the same thing, in other words, to be on probation you have to be told that you're on probation? I think what the law says is that any policies and communications, you know, the employer is responsible for letting the employee know what the situation is. But here, you know, I'm just having a little trouble. You're talking about a real-world police hiring mechanism. And you're saying you apply, as Judge Breyer was saying, you apply the rules that say 90 days and you've got a vested right. So you're saying that the Oregon statute guarantees a new police officer's going through training. And I don't know what your police academy, if you have one in Oregon or not, and whether they go through the training. But generally in Los Angeles, 90 days is the police academy. You're never even out on the streets. So you're saying as soon as they get out of the police academy, they've got a vested property interest even if they go out the next day and show themselves totally incapable of carrying out the job of an active police officer. But the statute, as you acknowledge, says we're going to exempt probationary periods. But because he wasn't told that there was this 18-month learning curve test period, he has a vested property right. That's what you're saying. Essentially, yes. With one twist of that, the way the Oregon statutes and the administrative rules coincide is the certification and the legislature if they required certification going through the police academy, they could have clearly said that as a definition of a police officer under 161.610.14. It doesn't say anything about certification in that statute. So you can still be a full-time police officer, even though you haven't gone through the police academy, so long as you do that within the 18 months that is required. Well, that may be, but there's still 18 months of trial period, right? Well, I wouldn't call it trial period. I'm just picking up the line. I called it probationary. You said, well, you're talking about the training. So that's why I was using training. Yeah, but I guess the point I want to make is that the statutes, if they wanted to make certification an issue, they could. Well, I'm not talking whether it's certified or not. It just says trial service person who's going through this process. The process, you don't just put somebody out on the street with a gun not even necessarily in 90 days. Maybe they do, but there's a period of time to qualify. This is not just any job. It's a peace officer where you're allowed to arrest people, where you can use deadly force, and you're suggesting that what you want is, in this case, because of the way it's configured, to say he had a vested right to be a police officer 90 days after he worked enough hours, and that's it. Well, he originally was the volunteer police officer. Well, I understand he went through the – but that's by definition, by the explicit, that's just you're a reserve officer and you're a volunteer. He rose to a level where he had qualified to get the higher level and got paid for it. Well, and I think, to answer that question, I believe that the way the statutory scheme is set up is that you do actually have – everyone doesn't know whether they're going to be a police officer and whether they'd like to be a police officer or not. So when you become full-time, you're getting paid for that. We're going to send you to the police academy. It's going to cost some money to do that and some time. You see, the logical conclusion of where you are, if you give him a property right, is that you are downplaying the instincts that supervisors may have about officers who come on who may act in inappropriate ways. You almost suggest that, well, we'd better find that he does something wrong, you know, shoot somebody when he shouldn't have shot that person. Then we can fire him. Then we can fire him. But, boy, if your instincts are that there's something wrong with this guy or woman and they get a hearing because they demonstrate because they've had 80 hours on the street or in the police academy or somewhere over that period of time, there's nothing you can do about it. I mean, it just seems to me that I understand your argument. I think maybe we have to hear from the other side as to whether they agree that this rule trumps everything. In my view, it trumps common sense. I mean, maybe it does. And I guess all I'm going to say there is that I think that all we're asking for is that he should have had notice and an opportunity to be heard. What happens in terms of a damage? I mean, now you're not asking for a hearing. You're asking for money. Yes. How do we figure out, assuming that he has a property right, assuming that he should have had a hearing, how is the trial judge supposed to figure out what the damages are? Does he have sort of a replica of the hearing in the courtroom and say, well, if they had had the hearing, they could have canned him anyway? And if they could have canned him anyway, after the hearing, you'd get no damages? How are we supposed to calculate that? Well, I believe it's, you know, we just have to prove that he had worked, you know, what he would have worked under the situation, how much he would have made. I mean, it's the violation. How much he would have made before the hearing and being canned after the hearing? I believe that would be how you would analyze it, yes. Okay. How far after the hearing? In other words, I'm sorry, what is the time? Is there an end period to when the damages would end? Well, I mean, I think it would continue. So you're saying if he would have been a police officer for 20 years, he would, because they didn't do it the right way, he now gets paid for 20 years of career police officing? Subject to the mitigation and whatnot. Okay. I didn't know if there was some period where you had a defined expectation, and you're saying you assume he would have been a police officer in a normal course. I mean, all I'm saying is that the constitutional violation was done because he was not provided that hearing or an opportunity to go through. Okay. And the damage question, calculation question is a bit down the road. Yes. Okay. Thank you. Thank you. We'll give you a chance to respond. May it please the Court.  We believe this case rises and falls on ORS 236, 350, 360, and 370, and those are statutes which apply specifically to police officer disciplined cases. And they say that police officers can only be disciplined or terminated for just cause, and they only apply to police officers who are full-time. The statute scheme that we're looking at, the specific one that applies to police officer discipline in Oregon, doesn't itself define full-time, and it's our view that full-time is defined by the employee manual, which in this case is 40 hours a week, roughly 160 hours a month. There's no dispute here that plaintiff did not work that amount of time really at any point, and consequently he was permitted to be terminated without a hearing, and we believe that's the end of the case. That is all it's about. So your definition of full-time doesn't even come out of a regulation or statute. It just comes out of the employee manual? Right. And I believe that makes sense because it permits the police division, whatever division of police it is that is being disciplined, to be making the definition of what is full-time within their organization. Well, how does that square? Isn't the administrative rules? This is the Department of Public Safety Standards and Training, and it defines full-time employment means the employment of a person who has the responsibilities defined in da-da-da-da, who has the responsibility for and is paid to perform the duties, et cetera, for more than 80 hours per month for a period of more than 90 consecutive calendar days. That applies to police officers, doesn't it? It does apply to police officers. So how does the city come off changing that? That regulation doesn't apply here because it is promulgated under and implements a statute, ORS 181.610, which is an entirely different statutory scheme with an entirely different statutory purpose, and they chose under the public safety section of the statute, and you'll see our statute looks like this, and there are multiple volumes, and Chapter 236 isn't even in the volume with 181. So in other words, you're saying essentially that there's a specific scheme for people who are police officers. There's a specific scheme, and they are treated a particular way. And you say, however, if you're not yet a police officer, then there's a different scheme. No, that scheme, Chapter 181 has nothing to do with discipline. Chapter 181 has to do with public safety, and its purpose, and Plaintiff's counsel put the statutory purpose in the purpose in his reply brief, is to provide high-quality training for personnel, quality public safety services, and to reduce state, local, and individual liability. It has nothing to do with police discipline. The statutory scheme we're relying on is very specific to exactly what we're talking about, police officers and discipline. The other one doesn't have anything to do with discipline. It simply defines what a police officer is for the purpose of public safety and training. And if you think about it, there's a really good reason why you'd want to have a broad definition of police for the purpose of who's included in public safety and training. We want to have everybody trained and involved in more safety, more training to serve the legislative purpose of more safety and less liability for the public bodies. Whereas when you're talking about police discipline, which is in the other statutory scheme, you don't necessarily want to include everyone for the reasons that, frankly, you all have articulated from the bench this morning. You don't want everyone to have only just cause dismissals. There's a reason why they would not have had their own definition necessarily of what a police officer is. If you look at these, it makes sense to have the public body itself define what is a full-time officer. If the legislators and if they had wished to have a definition of what full-time was under Chapter 236, which is the police discipline section of statutes, they would have done so. Our statutes here say you read the statutes in such a way as to not omit what has been inserted or insert what has been omitted. And I suggest to you that Plaintiff's counsel is asking you to insert a statutory or a regulation under a completely different statutory scheme that was chosen not to be inserted into Chapter 236, which deals with discipline. It's the only thing we're here to talk about. Discipline is not about public safety. And consequently, that scheme simply doesn't apply. Is there any Oregon case law that explains this distinction? Because 236.350 definitions, that's the one you're relying on. Right. Okay. And that simply says full-time. Right. And yet there is a Chapter 181, if you go to that, uses full-time and defines full-time. So why wouldn't Oregon courts ordinarily look between, you know, when the legislature uses a word specifically defines it in a plea, particularly when it's a law enforcement-related context, you're saying we shouldn't assume that the Oregon courts would look to that to give meaning to the legislator's use of full-time in a disciplinary statute. Now, you're making an argument as to why they might. But would the Oregon courts interpret statutes that way? I do not think they would interpret regulations which were enacted under and implementing Oregon's Chapter 181. Because it's a regulation. But it's not a jurisdiction. They're regulations. Is that the distinction? It isn't. Who does the regulations? The regulations are. Who promulgates these regulations? Let me just see here. Usually it's an administrative board. That's what I would think. And I don't know which public. The Board on Public Safety Standards and Training. Okay. Now, who does the one on discipline? Well, I don't believe there is a board. Well, who? I don't believe there are regulations under Chapter 236. There simply aren't regulations. And there's no reason why there would be case law. They just don't communicate. They're completely different statutory schemes. And the regulation plaintiff relies upon for the shortened full-time definition simply doesn't apply to the statutes that apply here, Chapter 236. Frankly, it's a unique argument. And it's creative. But there would be no reason why. I've never seen it raised. And I saw no case law to answer your question directly. There is no case law harmonizing these. But it's counterintuitive that if we've got a statute that refers to the term full-time and we've got another part of the statute, another statute that defines full-time, that we shouldn't look to the other statute but instead should look to an employee manual. The employee manual of the city of Phoenix isn't specific to police officers. It's for all employees. So, you know, you're saying, well, one's for disciplinary purposes but there's not a perfect match for the employee manual either because that's not just for police officers, that's for everybody. Correct. So we've got a statute that says full-time police officers and we've got a regulation of what full-time means with respect to a police officer. And you're trying to walk away from that full-time definition for police officers that's statutory and embrace a definition in a manual that's not specific to police officers. But if the statute about discipline is not related to the statute that regulation implements. Well, that's what you say. I mean, if you look at it. As I understand the argument, if we look, compare apples to apples, you have two statutes, both of which use the term full-time. One statute has now, 181, has been explicated by this board that doesn't have anything to do with discipline and they have, for their purposes, defined full-time with the 80-hour. But that shouldn't control then, because it's not the legislature doing it, it's the administrative agency doing it. That should not control the interpretation of full-time, the legislature used in the disciplinary structure. Correct. That's exactly our position. And then moving on, even if the regulation doesn't apply or even if the regulation does apply here, they don't fit within it for several reasons. The regulation says that it only applies to certain job descriptions that are specifically set out in there. And they include, you know, certified reserve officers, which plaintiff contends he is not, corrections officers, emergency medical dispatchers, et cetera. It does say police officers. But again, that's a circular argument. And I submit it's circular. You can't say you fit within a regulation by looking back to the statute which it implements. It doesn't make any sense. Let me ask you this. Obviously, we're having difficulty with this. And there seem to be plausible arguments on both sides. What does qualified immunity do, if anything, to protect your clients? Qualified immunity protects Chief Kershaw. And I would ask that regardless of what you find on the rest of this, Chief Kershaw should have the summary judgment in his favor affirmed based on qualified immunity, because even if there was a property right, the property was violated, there was a constitutional violation, it wasn't something that was a clearly established constitutional right. Right. But it's not going to get ‑‑ Chief Kershaw should have known about it. It's not going to get ‑‑ it's not going to substantially advance the resolution of the case, because in any event, the City of Phoenix, if we decided to get contrary to your position in any event, you know, you're going to argue that the damages are minimal between the time that he was terminated and the time he should have had notice, because I understand the argument is that, you know, that he did certain things in connection with his job that would have justified his termination. So the damages would be picked up by the city anyway, right? It means a lot to Chief Kershaw. I understand that. Regardless of whether his employer would still be in it. And his employer would be liable, even if he has qualified immunity, because he's a policymaker under Monell? I think that's correct. Yeah. Yes. So, yeah, we're not making the Monell argument in this case. Yeah, yeah, yeah. Just one other thing, and the Court has already referenced this already, even if the regulation applies, we are still entitled to summary judgment because of the terms of ORS 236.370, and because this employee was in a trial service period, again, the just cause provisions of the statutes do not apply to him. Plaintiff's counsel has raised for the first time on appeal the fact that the handbook that was clearly submitted to the district court relied on in both sides in the district court has a subsequent date. And I submit to you that if that was an argument that plaintiff wished to assert in the trial court, that's the place to do it, because that was something that the record could have been corrected. There is evidence in Court Record 39 from Chief Kershaw about what the policies were in his deposition, about what the policies were at the pertinent time. So there is some evidence in this record about that, but I submit there's a waiver about whether these are the proper terms of the employment agreement. Well, now, he argued to us that the probationary employee issue wasn't even raised in the district court. Is that right? The argument you're making, he said, forget about the manual, was that it wasn't raised. Is that correct? I think that's correct. So why isn't that argument waived? So why isn't your argument waived? Well, the trial court made a decision. The trial court decided, made statements about that. He made a ruling based on that. And I think it's fair game in this Court, and the record supports judgment in favor of my clients and for judicial efficiency. If the record reveals as a matter of law we're entitled to win, we're entitled to raise that reason. So we ask for affirmance of the summary judgment or at least any alternative on behalf of Chief Kershaw on qualified immunity. Okay. Thank you very much. Would you like a minute to respond? Obviously, you understand the issue, I believe. I just want to reiterate, the manual that was submitted to the magistrate court was not even adopted until five months after my client signed off on the police manual. Was there an objection to that in the district court? Procedurally, what had happened, like I said, the original order came out. I filed a motion for reconsideration. And the court simply asked both parties, submit these materials. Neither defendant or plaintiff understood what it was that the court wanted, that we submitted those, the defendant submitted those records. And there was no further argument. And the court in its amended order simply came out with a new theory as to why due process was not violated. It was a theory that was never raised by either party. So you're saying you had no opportunity to object to the date of adoption and relevance to an issue that was before the court? And that's correct. And understand that the rationale of the having constructive notice of being on probation by incorporation by reference was never something that was raised. So this was new to both parties. So, no, the answer to that question is we never had an opportunity to respond to what it was that the court wanted. We just did what the court asked and submitted those materials. Okay. Thank you very much. The case of Denison v. City of Phoenix et al. is now submitted for decision. The next case on the argument calendar is Page v. Astro.
judges: Fletcher, Fisher, Breyer